PER CURIAM.
This matter is before the Court for consideration of proposed amendments to Florida Rule of Juvenile Procedure 8.255. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
On October 21, 2010, the Florida Bar’s Juvenile Rules Committee (Committee) filed an out-of-cycle report proposing amendments to rule 8.255(b) (Presence of Child). The Executive Committee of the Florida Bar Board of Governors approved the proposal by a vote of 12-0. The Court published the proposal for comment. Two comments were filed, and the Committee filed a response to the comments. After considering the Committee’s proposal, the Court asked the Committee to consider *143 whether the amendment should include a provision stating that, when the child is present at the hearing, the trial judge has a duty to inquire whether attendance is in the child’s best interest. See Letter from Thomas D. Hall, Clerk of the Florida Supreme Court, to Joel M. Silvershein, Juvenile Rules Comm. Chair (July 19, 2011) (on file with the Court in Case No. 10-2010). In response, on October 3, 2011, the Committee filed a revised proposal. The revised proposal has not yet been published for comment.
Upon consideration, we adopt the amendments to rule 8.255(b) as proposed by the Committee in its revised proposal. The amendments address the right of a child to be present at all hearings in dependency and termination of parental rights proceedings, as well as the duty of the trial judge to make the appropriate best interest determinations regarding the child’s presence. Subdivision (b)(1) states that the child has the right to be present at “all hearings.” Moreover, new subdivision (b)(3) is added requiring that, if the child is not present, the court shall inquire and determine the reason for the child’s absence. The trial judge must then determine whether it is in the child’s best interest to conduct the hearing without the presence of the child, or to continue the hearing so as to allow the child the opportunity to be present. Under new subdivision (b)(2), if the child is present at the hearing, the court may excuse the child if it would not be in the child’s best interest to remain.
Accordingly, Florida Rule of Juvenile Procedure 8.255(b) is hereby amended, as reflected in the appendix to this opinion. New language is indicated by underscoring, and deleted language is indicated by struck-through type. The amendments shall become effective June 1, 2012, at 12:01 a.m. Because the revised proposal of the Committee, which we have adopted, was not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion.

. An original and nine paper copies of all comments must be filed with the Court on or before June 25, 2012, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable Joel M. Silvershein, State Attorney’s Office, 201 SE 6th Street, Suite 660, Fort Lauderdale, Florida 33301-3334, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until July 16, 2012, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order in In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).